UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.              ) | CASE NO.  1:04-CR-032 |
| ) | |
| MAUREECE M. BALL    ) | |
| ) | |
| Defendant.    ) | |

**OPINION AND ORDER**

Before the court is Defendant Maureece M. Ball's ("Ball") "Motion to Modify Sentence" filed pursuant to 18 U.S.C. §3553 on July 5, 2007.  The Government responded on July 10, 2007 to which no reply was made.  For the following reasons, the Defendant's Motion to Modify Sentence will be DENIED.

On May 26, 2004, a federal grand jury returned a two count indictment charging Ball with attempted possession of cocaine with intent to distribute (Count 1) in violation of 21 U.S.C. §841(a)(1) and 846; and with possession of a firearm by a convicted felon (Count 2) in violation of 18 U.S.C. §922(g)(1).  Subsequently, on December 20, 2004, a signed plea agreement was filed in the cause.  On the same date, Ball appeared before Magistrate Judge Roger B. Cosbey and pled guilty to Count 2 in accordance with a Fed.R.Crim.P. 11 colloquy.  In the plea agreement, Ball agreed to plead guilty to Count 2 in exchange for dismissal of count 1 and in return for a binding sentence of 72 months pursuant to Fed. R.Civ.P. 11(c)(1)(C).  This binding sentence was rather fortuitous for Ball since absent this concession from the Government, Ball's advisory guidelines range would have been 92 to 115 months based upon his criminal history and total offense levels found by the probation officer in the Presentence Report.  Ball also agreed to standard language

1

waiving his right to appeal his sentence or contest his sentence in any post-conviction proceeding. In his current motion, Ball seeks a reduction in his sentence based upon his good behavior during incarceration as well as other positive efforts at rehabilitation. Ball also indicates that his family is suffering financial hardship due to his incarceration.

"[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir.1996). Because Ball's motion is not a direct appeal and he seemingly denies that it is a collateral attack under 28 U.S.C. § 2255,[1] its "viability ... depends entirely upon [18 U.S.C. § 3582(c) ]." *United States v. Trujeque,* 100 F.3d 869, 870 (10th Cir.1996).

Section 3582(c) provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed. Those three narrow avenues are: First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Id. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range ... has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). If Ball's argued basis does not fall within one of these three limited avenues under § 3582(c), the court is without jurisdiction to consider his request.

Ball does not argue that any of the above provisions is applicable nor, read liberally, would the arguments made in his memorandum suggest that he meets the requisite conditions for relief

---

[1]Ball states in his motion that he "is not suggesting to the Court that the penalties involved and sentence imposed in this case were unduly burdensome or unfair." (Motion p. 1).

under them. Ball does cite to 18 U.S.C. §3553 and U.S.S.G. §5K2.0 in the title of his motion but these provisions do not provide a jurisdictional basis for the district court to consider his post-sentencing rehabilitative efforts. Rather, U.S.S.G. §5K2.0 and 18 U.S.C. §§ 3553(a)-(b) (2006) deal exclusively with the factors a court should consider when sentencing a defendant. Section 5K2.0 of the Sentencing Guidelines simply summarizes the reasons the Sentencing Commission included in § 5K2 the provisions relating to upward and downward departures. U.S.S.G. § 5K2.0. Petitioner's citation to 18 U.S.C. § 3553 also is to no avail because that section deals only with the "imposition of a sentence," not altering a sentence at a later date. 18 U.S.C. § 3553. Thus, neither of these sections provide any guidance when considering a post-sentencing reduction. *See United States v.Bynoe*, 2006 WL 1071481, *2  (D.D.C.,April 21, 2006). Accordingly, Ball has presented no legal grounds for a reduction in his sentence and this court is without jurisdiction to modify his sentence.

This said, the undersigned commends  Ball for the efforts he has embraced while incarcerated to increase  his opportunities for the future.  Ball indicates that he is working in the BOP's UNICOR program which will enable him to obtain and maintain employment upon release; he has also completed numerous programs including resume writing, Spanish, Money Smart, and has completed a 40 hour substance abuse class; and Ball represents that he is serving as a G.E.D. tutor and is a member of the suicide watch cadre wherein he counsels inmates who have lost hope for their future.  These are all laudable endeavors and the undersigned encourages Ball to remain on this productive path to his future.

## CONCLUSION

Based on the foregoing, Ball's request for a reduction in sentence is DENIED.

SO ORDERED.  This 8th day of August, 2007.

                                                      s/ William C. Lee  
                                                      United States District Court  
                                                      Northern District of Indiana